UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVALYN PHARMA, INC.,<br><br>                  Plaintiff,<br><br>v.<br><br>RICHARD G. VINCENT, Seller Representative,<br><br>                  Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No.:  20cv2267-GPC(KSC)<br><br>**AMENDED SCHEDULING ORDER;**<br><br>**ORDER GRANTING JOINT MOTION FOR CONTINUANCE OF CERTAIN DATES IN THE SCHEDULING ORDER [Doc. No. 26.]** |

      Before the Court is the parties' Joint Motion for a Continuance.  [Doc. No. 26.]  In the Joint Motion, the parties request a 60-day continuance of the deadlines for completing fact and expert discovery.  They also request a continuance of the deadline for filing pre-trial motions.  The reason for the request is that the parties were unable to complete document production until July 16, 2022.  The parties therefore need additional time to review documents and schedule depositions. In addition, the parties need to adjust certain dates to accommodate defense counsel's trial schedule.  [Doc. No. 26, at pp. 2-3.]  Good cause appearing, **IT IS HEREBY ORDERED** that the parties' Joint Motion is GRANTED [Doc. No. 26.]

Accordingly, IT IS FURTHER ORDERED that:

1. All fact discovery shall be completed by all parties by **October 8, 2021**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

2. The parties shall designate their respective experts in writing by **October 22, 2021**. Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be **November 5, 2021**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **November 19, 2021**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party**

**that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **January 7, 2022**.

5. All expert discovery shall be completed by all parties by **January 21, 2022**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. All other pretrial motions, including those addressing *Daubert* issues related to dispositive motions must be filed by **February 7, 2022**. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts. Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Motion papers MUST be filed and served the same day of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed. The time between the date you request a motion date and the hearing date may vary. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

7. All other dates, deadlines, terms, and conditions of the original Scheduling Order filed on April 9, 2021 [Doc. No. 22] shall remain in full force and effect.

///
///
///

However, the Court notes that it may be necessary at some later time to adjust the dates for the final Pre-Trial Conference and related deadlines.

**IT IS SO ORDERED.**

Dated: August 13, 2021

Hon. Karen S. Crawford
United States Magistrate Judge